UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELL BAUER,

    Plaintiff,

v.

CAROLYN W. COLVIN,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

CASE NO. 1:14-CV-392

HON. ROBERT J. JONKER

## OPINION

This is a social security action brought under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of an unfavorable decision by the Commissioner of Social Security (Commissioner). Plaintiff Janell Baur filed her application for disability benefits on October 17, 2011. Plaintiff now seeks review of the Commissioner's decision denying her claim for disability benefits (DIB) under Title II of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act during the time period within which Plaintiff would be eligible to receive benefits. The Court has thoroughly reviewed the record and the filings by plaintiff and the Commissioner and, for the reasons stated below, concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Hum. Serv.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Hum. Serv.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health & Hum. Serv.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Hum. Serv.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not

be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff Bauer was 47 at the time of the Administrative Law Judge's (ALJ) decision. (*See* A.R. 33). She graduated from high school and completed one year of college. (*See* A.R. 34). Ms. Bauer previously worked as a telephone solicitor; sales representative for advertising; department manager in retail; receptionist; retail manager; salesperson in retail; title clerk; customer order clerk; and credit authorizor. (A.R. 63-64.)

Plaintiff applied for benefits on October 17, 2011, alleging that she had been disabled since August 25, 2011, due to: drop foot; fibromyalgia; depression; arthritis; and PTSD.[1] (A.R. 159.) Ms. Bauer's application was denied by the Commissioner during its initial review on December 6, 2011. (A.R. 86-87.) Thereafter plaintiff requested a hearing before an ALJ.

On December 13, 2012, Plaintiff received a hearing before ALJ Henry Kramzyk. Plaintiff; Plaintiff's mother, Judith Bauer; and a vocational expert, Thomas Gusloff, testified. After hearing testimony on the matter and reviewing the record, the ALJ issued an unfavorable decision on January 16, 2013. The ALJ found that plaintiff was not disabled because she was capable of performing past relevant work and because there are other jobs that exist in significant numbers in the national economy that the Plaintiff can also perform. (A.R. 23-24.) On February 11, 2014 the Appeals Council denied review (A.R. 1-4), and the ALJ's decision became the Commissioner's final decision. In this lawsuit, Plaintiff challenges the Commissioner's decision.

---

[1] Though not noted on her initial application for benefits, Ms. Bauer at the hearing before the ALJ also described chronic pain; chronic fatigue; memory problems; and obesity as disabling conditions she experienced. (A.R. 45-46.)

3

Plaintiff's insured status expires on December 31, 2016 (A.R. 15). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ALJ's DECISION

A claimant must prove that she suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). To aid ALJs in applying the above standard, the Commissioner of Social Security has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five step sequential process" for claims of disability. First [a] plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, [a] plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if [a] plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, [a] plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, [a] plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that [the] plaintiff can perform, plaintiff is not disabled.

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted); *see also* 20 C.F.R. §§ 404.1520(a-f).

The plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).

The ALJ determined Plaintiff's claim failed at the fourth step of the above mentioned evaluation. Following the five steps, the ALJ initially found that Plaintiff had not engaged in substantial gainful activity since August 26, 2011 (A.R. 15.) Second, the ALJ determined Plaintiff had the severe impairments of fibromyalgia; right foot drop; remote history of right acetabular pelvic fracture; and obesity. (*Id.*) The ALJ also determined that Plaintiff had a non-severe impairment of hypertension which she manages with medication. The ALJ determined further that Plaintiff had a medically determinable mental impairment of depression that was non-severe because it caused no more than minimal limitation in Plaintiff's ability to perform basic mental work activities. (A.R. 15.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Specifically, the ALJ determined that Plaintiff did not meet the criteria in listing 14.09.

At the fourth step, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that Plaintiff

5

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk 6 hours in an 8-hour workday and sit for up to 6 hours in an 8-hour workday. The claimant can only occasionally use foot controls with the right lower extremity. She can never climb ladders, ropes or scaffolds, kneel or crawl, or more than occasionally climb ramps or stairs, balance, stoop, or crouch.

(A.R. 18.) At the fourth step, the ALJ ruled that based on his RFC determination, the Plaintiff was able to perform her past relevant work as a retail manager; telephone solicitor; receptionist; sales person; title clerk; customer order clerk; and credit authorizor, as each of those jobs is generally performed in the national economy. (A.R. 23.) Though not required to proceed to the fifth step, the ALJ also found alternatively that "considering the claimant's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that the claimant can perform." (A.R. 24.) Accordingly, the ALJ denied Plaintiff's application for disability insurance benefits. After the Appeals Council denied review of the ALJ's decision, Plaintiff filed this lawsuit.

**ANALYSIS**

Plaintiff contends that the ALJ did not follow the treating physician doctrine because, according to Plaintiff, the ALJ gave less than controlling weight to Dr. Pareigis's opinion and failed to provide good reasons for doing so. Plaintiff also claims that the ALJ failed to evaluate Plaintiff's credibility properly. The Court considers each of these assertions in turn.

    *1. Treating Physician Doctrine*

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give

controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Hum. Serv.*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (*citing Shavers v. Sec'y of Health & Hum. Serv.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health & Hum. Serv.*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Hum. Serv.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health & Hum. Serv.*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

The ALJ carefully considered Dr. Pareigis's opinion and gave good reasons for giving it little weight. The ALJ described at length the records of Dr. Pareigis's treatment of Plaintiff. (A.R. 20.) After detailing the records of treatment, the ALJ explained that

> [t]he claimant's treating source, Dr. Pareigis, opined on December 23, 2011 that the claimant could lift and carry, at most, 10 pounds occasionally due to the fibromyalgia. She opined the claimant could sit for four hours in an 8-hour workday, stand for one hour in an 8-hour workday, and walk for one hour in an 8-hour workday secondary to right leg and hip pain with nerve damage and right foot drop (Exhibit 2F/1). The undersigned has considered this opinion but gives it little weight.

(A.R. 22.) The ALJ discussed explicitly his reasons for giving the opinion little weight:

> First, the doctor noted that just a couple of months prior, the claimant had only mild limitations in the range of motion of the right hip. Additionally, the doctor recommended the claimant undergo a pool exercise program, which the claimant failed to do (Exhibit 2F/5). Notably, the doctor rendered the opinion on December 23, 2011 but when the claimant saw her on December 22, 2011, the claimant had only some mild strength deficits on the right side (Exhibit 2F/4). When the claimant's pain medication was adjusted to Methadone the claimant reported the medication was working well and was able to decrease the Norco. Most notably, however, when the claimant returned to see the doctor in August 2012, she reported good pain control, had lost 40 pounds in six months, and had increased activity. Therefore, the doctor's opinion appears to be based on the claimant's subjective complaints of pain and sympathetic to the claimant. Furthermore, the doctor's opinion accounts for 6 hours out of an 8-hour workday and does not indicate what the claimant would be doing the rest of the time.

(*Id.*) The ALJ thus provided a series of good reasons including that the opinion was inconsistent with the medical record. He provided specific examples: Dr. Pareigis found only mild strength deficits in the December 22, 2011 appointment; Plaintiff's medication was working well; and in August 2011 Plaintiff reported good pain control, substantial weight loss, and increased activity. (*Id.*)

Plaintiff asserts that the ALJ should have sought further information from Dr. Pareigis instead of drawing a negative inference from the opinion accounting for only six hours of an eight-

8

hour workday. This argument fails. The ALJ based his opinion not merely on such an inference, but more fundamentally on inconsistencies with the medical record, as already discussed. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 272-73 (6th Cir. 2010) (noting that SSR-96-5p did not require ALJ to re-contact the treating physician where the treating physician's opinion was found unpersuasive not because its bases were unclear, but because it was not corroborated by objective medical evidence."). Plaintiff also says the ALJ failed to take into account her obesity, but the record undercuts this claim. In formulating the RFC, the ALJ noted that "considering [the claimant's] body habitus, she can never climb ladders, ropes or scaffolds, kneel, crawl, or more than occasionally climb ramps or stairs, balance, stoop, or crouch." Plaintiff disagrees with the ALJ's overall analysis, but the ALJ gave good reasons for discounting Dr. Pareigis's opinion. Accordingly, the Court finds that the ALJ did not commit reversible error with regard to the weight he gave Dr. Pareigis's opinion.

    *2.    Credibility Determination*

Plaintiff also challenges the ALJ's finding that while her medically determinable impairments could reasonably be expected to cause her alleged symptoms, her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (A.R. 19-20.) As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting

9

20 C.F.R. § 404.1529(a)) *Hash v. Comm'r of Soc. Sec.*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated under the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly

disregarded. *See Varley v. Sec'y of Health & Hum. Serv.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

Substantial evidence supports the ALJ's credibility determination. In making his credibility determination, the ALJ thoroughly discussed the record evidence, including, but not limited to, Plaintiff's medical records; Plaintiff's own testimony; and Plaintiff's mother's testimony. (A.R. 19-23.) The ALJ pointed out that medical records reflect that by March 2012, Plaintiff reported that her pain medications were working fairly well and that by August 2012, the Plaintiff reported good pain control, increased activity, and a weight loss of forty pounds. (A.R. 21.) The ALJ noted that the Plaintiff testified at the hearing that pain medications help with her pain. (*Id.*) The ALJ observed that the Plaintiff's activities of daily living did not support a conclusion that the Plaintiff is disabled:

> The claimant lives by herself and maintains her apartment. She dusts, vacuums, straightens up the apartment, cooks on a limited basis, loads the dishwasher, does the laundry, bathes and dresses herself. . . . The claimant cares for her dog and while she testified that he uses puppy pads so that she does not have to take him out, her friend reported that she walks the dog daily. . . . The claimant interacts with her mother frequently and they go out for lunch and dinner. . . . The claimant attends family functions on holidays and birthdays, goes grocery shopping alone, and testified that she attends church every Sunday.[2]

---

[2] Plaintiff objects that the friend who reported that she walks the dog daily was referring to the period of time before her disability onset date, and that she is no longer able to walk the dog daily. Accepting this as true, it does not change the analysis, because the other evidence the ALJ cites in support of his credibility determination is substantial even without reference to walking the dog.

11

(A.R. 20.) Plaintiff says that the ALJ did not take into consideration the fatigue she experiences as a side effect of medication. To the contrary, the ALJ stated explicitly that "the claimant testified that she sleeps a lot and naps during the day . . . [but] claimant did not report excessive fatigue to her treating doctor." (A.R. 21.) The ALJ also noted that "[w]hile her mother testified to the claimant's decreased stamina, she did not testify that the claimant was sleeping excessively or sleeping while she was visiting at her apartment." (*Id.*) More generally, Plaintiff disagrees with the way the ALJ weighed the evidence in making his credibility determination, but she offers no persuasive argument that the evidence supporting the determination is insufficient. The ALJ supported his credibility determination with substantial evidence.

### 3. *Plaintiff is Not Entitled to a Sentence Six Remand*

As part of her request to obtain review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional evidence which was not presented to the ALJ. (A.R. 1-7, 318-321). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. This Court, however, is precluded from considering such material. In *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy

the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Sec'y of Health & Hum. Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff has not requested that the Court remand this matter for consideration of this evidence. Plaintiff has, therefore, waived any such argument. *See, e.g., Porzillo v. Dep't of Health & Hum. Serv.*, 369 F. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waives any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived); *Financial Resources Network, Inc. v. Brown & Brown, Inc.*, 2010 WL 4806902 at *30 n.29 (D. Mass., Nov. 18, 2010) (same).

## CONCLUSION

For these reasons, the Commissioner's decision is **AFFIRMED**. A judgment shall issue separately.


Dated:     September 25, 2015          /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE